```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. State Bar No.: 226402)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2170
     Facsimile: (213) 894-3713
     E-mail: kevin.lally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 05-813-JFW |
|---|---|
| Plaintiff, | ) JOINT MOTION TO FILE MODIFIED |
|  | ) INDICTMENT WITH CHANGES TO |
| v. | ) ALLEGATIONS REGARDING THRESHOLD |
|  | ) QUANTITY OF CRACK COCAINE AND |
| SANCO GRANT III, | ) CORRESPONDING PENALTY |
|  | ) PROVISIONS |
| Defendant. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant SANCO GRANT III, both individually and by and through his counsel of record, David Dudley, Esq., hereby stipulate and jointly move the Court to find as follows:

    1. On or about June 14, 2006, defendant pleaded guilty to counts one and two of the indictment in the above-captioned case. Count one charges defendant with violating 21 U.S.C. § 846 by conspiring to distribute at least 50 grams, namely 123.5

1  grams, of cocaine base in the form of crack cocaine ("crack
2  cocaine"). Count two charges defendant with violating 21 U.S.C.
3  §§ 841(a)(1), (b)(1)(B)(iii) by distributing at least 50 grams,
4  namely 123.5 grams, of crack cocaine. These charges subject
5  defendant to a mandatory minimum sentence of 10 years
6  imprisonment and a statutory maximum sentence of life
7  imprisonment. Sentencing is currently scheduled for September
8  27, 2010.
9      2.  On August 3, 2010, the President signed into law the
10 Fair Sentencing Act of 2010 (the "Act"). The Act establishes new
11 quantity thresholds that trigger statutory mandatory minimum
12 sentences and increased maximum penalties for crack cocaine
13 offenses. It is the government's position that the Act does not
14 apply retroactively. Accordingly, absent a modification to the
15 indictment, defendant remains subject to the penalty provisions
16 set forth at 21 U.S.C. § 841(b)(1)(A)(iii).
17     3.  The government has conducted a review of the particular
18 individual circumstances of this case and has concluded that it
19 is appropriate to exercise its discretion in this case to proceed
20 on the basis of a modified indictment that subjects defendant to
21 a mandatory minimum sentence of five years imprisonment and
22 statutory maximum sentence of 40 years imprisonment, pursuant to
23 21 U.S.C. § 841(b)(1)(B)(iii), rather than a mandatory minimum
24 sentence of 10 years imprisonment and a statutory maximum
25 sentence of life imprisonment, pursuant to 21 U.S.C.
26 § 841(b)(1)(A)(iii). This will leave the Court with the
27 discretion at sentencing to impose a sentence at or above this
28

new mandatory minimum term of imprisonment after consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a).

    4. To this end, the parties now jointly request that the Court file the modified indictment attached as Exhibit A to this joint motion. The modified indictment replaces the allegations in the indictment regarding the threshold quantity of crack cocaine that defendant conspired to distribute and distributed and corresponding penalty provisions, which affect defendant's sentence. Specifically, the modified indictment charges defendant with trafficking in at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(B)(iii). As such, the modified indictment now subjects defendant to a reduced mandatory minimum sentence of five years imprisonment and a reduced maximum sentence of 40 years imprisonment on each count of conviction.

    5. The parties agree that defendant need not be newly arraigned on the modified indictment and that defendant may proceed to sentencing on the basis of the charges as set forth in the modified indictment. In addition, defendant waives any right to conduct any further proceedings in this matter pursuant to Rule 11 of the Federal Rule of Criminal Procedure, admits the allegations concerning the quantity of crack cocaine involved in defendant's offense in a manner consistent with defendant's earlier plea, and agrees that the previously filed plea agreement and defendant's prior statements at the change of plea hearing are sufficient to support a plea to the modified indictment. Defendant further agrees that defendant's guilty plea was and remains knowing and voluntary, and defendant further agrees that

all provisions of defendant's plea agreement, with the exception of the reference to the changed penalty provisions cited above, remain binding in this case despite the parties' consent to proceed at sentencing by means of the modified indictment.

6. Finally, defendant acknowledges that the modified indictment contains a change in the threshold quantity of drugs alleged by the grand jury and corresponding penalty provision. Accordingly, the modified indictment may constitute a variance from the indictment returned by the grand jury. This change, however, benefits, rather than prejudices, defendant. Indeed, the modified indictment now subjects defendant to a reduced mandatory minimum sentence and reduced maximum sentence. Accordingly, defendant waives any challenge to a variance in the indictment.

Dated:              Respectfully submitted,

                    ANDRÉ BIROTTE JR.
                    United States Attorney

9/27/10              ROBERT E. DUGDALE
                    Assistant United States Attorney
                    Chief, Criminal Division


                    _____
                    KEVIN M. LALLY
                    Assistant United States Attorney
                    Violent & Organized Crime Section

Dated: 9/27/10

                    _____
                    DAVID DUDLEY, ESQ.

Dated: 9/27/10

                    _____
                    SANCO GRANT III

4

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-813-JFW |
| Plaintiff, | ) ) | **M O D I F I E D** |
| v. | ) ) | **I N D I C T M E N T** |
| LAMONT DINKINS, and SANCO GRANT, | ) ) ) | [21 U.S.C. § 846: Conspiracy to Distribute Cocaine Base in the Form of Crack Cocaoine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii): Distribution of Cocaine Base in the Form of Crack Cocaine] |
| Defendants. | ) ) ) ) | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECT OF THE CONSPIRACY

Beginning on or about September 15, 2004, and continuing until on or about September 16, 2004, in Los Angeles County, within the Central District of California, defendants LAMONT DINKINS ("DINKINS"), SANCO GRANT III ("GRANT"), and others unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute 5 grams or more

of a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine ("crack cocaine"), a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii).

B. <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendant DINKINS would negotiate with prospective buyers regarding the quantity and price of crack cocaine that would be sold as well as the location where the sale would take place.

2. Defendant GRANT would supply defendant DINKINS with the crack cocaine to be sold to the prospective buyer.

3. Defendant DINKINS would meet with the prospective buyer and provide the prospective buyer with crack cocaine.

4. Defendant DINKINS would collect payment for the crack cocaine from the buyer.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants DINKINS, GRANT, and others unknown to the Grand Jury, committed various overt acts on or about the following dates within the Central District of California, including, but not limited to, the following:

1. On September 15, 2004, defendant DINKINS agreed to sell approximately four and one-half ounces of crack cocaine to a Federal Bureau of Investigation confidential informant ("CI") for $2,000.

2. On September 15, 2004, defendant DINKINS informed the CI of the location where the sale would be conducted.

3. On September 16, 2004, defendant DINKINS accepted $2,000 from the CI as payment for the crack cocaine.

4. On September 16, 2004, defendant DINKINS obtained approximately 123.5 grams of a mixture or substance containing crack cocaine from defendant GRANT.

5. On September 16, 2004, defendant DINKINS provided the CI with approximately 123.5 grams of a mixture or substance containing crack cocaine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about September 16, 2004, in Los Angeles County, within the Central District of California, defendants LAMONT DINKINS and SANCO GRANT III knowingly and intentionally distributed 5 grams or more, namely, approximately 123.5 grams, of a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ R. Dugdale*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


ELIZABETH YANG
Assistant United States Attorney
Chief, Violent & Organized Crime Section


KEVIN M. LALLY
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section